UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAMILA TAMARA LACAYO FLORES,

      Petitioner,

v.                                                                Case No. 3:26-cv-743-MMH-PDB

MARKWAYNE MULLIN, et al.,

      Respondents.

_____

**TEMPORARY RESTRAINING ORDER**

Petitioner Camila Tamara Lacayo Flores, an immigration detainee at Flagler County Jail, initiated this action through counsel by filing a Verified Petition for Writ of Habeas Corpus and Complaint for Emergency Declaratory and Injunctive Relief (Doc. 1; Petition) on April 6, 2026. Flores argues that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is entitled to a bond hearing. Id. at 6–8. As relief, she asks the Court to order her immediate release. Id. at 13.

Along with her Petition, Flores has filed an Emergency Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 2; Motion). In the Motion, Flores seeks issuance of an order enjoining Respondents from transferring her outside of this Court's jurisdiction during the pendency of this case. Id. at 13–14.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Upon review of the record, the Court finds that Flores has shown a substantial likelihood of success on her claim that her mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) is unlawful. And considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order

to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Flores's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case, if she is ultimately granted the relief she seeks (release from ICE custody), she may incur costs and potentially face difficulties in returning home. The exigency of Flores's potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Flores from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Flores provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Accordingly, it is **ORDERED**:

1.    Flores's Emergency Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 2) is **GRANTED**. Respondents and any

3

officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Flores from the Middle District of Florida up to and including **April 21, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived.

2.      The **Clerk of Court** shall send a copy of the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Doc. 1), the Motion (Doc. 2), and this Order by **mail and e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; Warden, Flagler County Jail, 1002 Justice Lane, Bunnell, FL 32110; and the Flagler County Sheriff Judicial Process and Fugitive Section, 1769 E. Moody Boulevard, Building 1, Bunnell, FL 32110. All costs of service shall be advanced by the United States.

3.      Flores's counsel shall also immediately serve via e-mail a copy of this Order, the Motion (Doc. 2), and Petition (Doc. 1) on the appropriate U.S. Customs and Immigration Enforcement officials. See Local Rule 6.01(c).

4. Upon consideration of the file, the Court will consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits. See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). Therefore, by **April 13, 2026**, Respondents shall respond to the request for a preliminary injunction and show cause why the Petition should not be granted.

5. After Respondents file a response, Flores shall file a reply to Respondents' response by **1:00 p.m. on April 16, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of April, 2026, at 1:00 p.m.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/7
c:    Counsel of record

5