UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAMILA TAMARA LACAYO FLORES,

      Petitioner,

v.

                                         Case No. 3:26-cv-743-MMH-PDB

MARKWAYNE MULLIN, et al.,

      Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Camila Tamara Lacayo Flores, an immigration detainee, initiated this action by filing, through counsel, a Verified Petition for Writ of Habeas Corpus and Complaint for Emergency Declaratory and Injunctive Relief (Doc. 1; Petition) on April 6, 2026. That same day, Flores filed an Emergency Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 2). On April 7, 2026, the Court granted Flores's request for a temporary restraining order and enjoined Respondents from removing her from the Middle District of Florida through April 21, 2026. See Temporary Restraining Order (Doc. 5; TRO). The Court also notified the parties that it would consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule.

See id. The Court subsequently extended the TRO through May 4, 2026. See Order (Doc. 9). Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 6; Response). Flores filed a counseled Reply (Doc. 10). This case is ripe for review.

## II. Background

According to Flores, she is a citizen of Nicaragua who arrived in the United States on July 14, 2022, at Roma, Texas. Petition at 2. At the time of her entry, "the United States granted humanitarian parole to [Flores] which allowed her to enter and remain in the United States." Id. On June 13, 2023, Flores filed an asylum petition, which remains pending. Id. Flores has resided in Miami-Dade County since 2022. Id. United States Immigration and Customs Enforcement (ICE) issued Flores a permit to work in the United States that expires on November 14, 2028, and a social security number. Id.

On February 5, 2026, ICE detained Flores in North Miami Beach. Id. ICE subsequently transferred her to Flagler County Jail, where she remains in custody. Id. Flores alleges that she has not been afforded a bond hearing or any individualized custody determination. Id. at 8.

## III. Analysis

The underlying premise of Count One in the Petition is that Flores is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 6–8. As relief, she seeks, inter alia, immediate release. Id. at 13.

2

Respondents argue that this Court lacks jurisdiction over Flores's claims, she failed to exhaust her administrative remedies, and she is properly detained under § 1225(b). See Response at 3–12. Respondents further recognize that this Court has previously rejected these same arguments in similar circumstances. See id. at 11 (citing Gomez-Pena v. Sec'y, Dep't of Homeland Sec., No. 3:25-cv-1287-MMH-MCR, 2026 WL 83980 (M.D. Fla. Jan. 12, 2026); Ortiz v. Noem, No. 3:25-cv-1386-MMH-MCR, 2025 WL 3653217 (M.D. Fla. Dec. 17, 2025)).

Upon review, the Court finds that its previous opinions on these issues apply with equal force to this case. See Valencia v. Noem, No. 3:26-CV-297-MMH-PDB, 2026 WL 730318 (M.D. Fla. Mar. 16, 2026); see, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). Indeed, the Court is satisfied it has jurisdiction over Flores's claims; further administrative exhaustion would be futile; and given that Flores has been residing here for some time, she is not properly detained under § 1225(b)(2) as Respondents contend and release is the appropriate remedy.

3

Accordingly, it is **ORDERED**:

1.      Flores's Verified Petition for Writ of Habeas Corpus and Complaint for Emergency Declaratory and Injunctive Relief (Doc. 1) is **GRANTED**. Respondents shall release Flores **within 24 hours of this Order**, and they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2.      Flores's request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 4/27
c:
Counsel of Record

4